UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Dyshawn Hines, | ) | Case No. 2:23-cv-04828-RMG-MGB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Lexington County Detention Center; | ) | |
| Lt. Felder; and Officer Murphy, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Dyshawn Hines ("Plaintiff"), a pretrial detainee proceeding *pro se* and *in forma pauperis*, brings this civil action seeking relief pursuant to 42 U.S.C. § 1983. (Dkt. No. 1.) Under 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) (D.S.C.), the undersigned is authorized to review all pretrial matters in this case and submit findings and recommendations to the assigned United States District Judge. While the undersigned has authorized service of process with respect to most of Plaintiff's claims in this action, Plaintiff's allegations against the Lexington County Detention Center ("LCDC") must be summarily dismissed for the reasons discussed in greater detail below.

## BACKGROUND

Most relevant to this Report and Recommendation, Plaintiff alleges that Defendants have been forcing him to live in a unit at the Lexington County Detention Center that is overrun with mold, fungus, and rust. (Dkt. No. 1 at 4, 6–12.) Plaintiff claims that due to inhaling these purported toxins day after day, he has developed frequent headaches, shortness of breath, lightheadedness, and colds. (*Id.* at 12.) Nevertheless, Defendants have refused to move Plaintiff or provide him with adequate cleaning supplies to decontaminate his living space. (*Id.* at 6–11.)

Upon reviewing the initial filings in this case, the undersigned issued an order notifying

Plaintiff that his case was not in proper form, as he did not submit a set of proposed service documents for each of the named defendants as required under General Order, *In Re: Procedures in Civil Actions Filed by Prisoner Pro Se Litigants*, No. 3:07-mc-5014-JFA (D.S.C. Sept. 18, 2007). (Dkt. No. 4 at 2–3.) In light of Plaintiff's *pro se* status, however, the undersigned afforded him twenty-one days, plus three days for mail time, to submit the outstanding summonses and Forms USM-285. In that same order, the undersigned noted that Plaintiff's claims against the Lexington County Detention Center were subject to summary dismissal because inanimate objects, like detention facilities, were not amenable to suit under § 1983. (*Id.* at 2.) Accordingly, the undersigned informed Plaintiff that to the extent he no longer wished to proceed with those specific claims, he did not need to submit a set of proposed service documents for LCDC. (*Id.*)

Plaintiff did not comply with the Court's instructions or otherwise respond to the order within the time permitted. However, in an abundance of caution, the Court afforded Plaintiff one more opportunity to bring his case into proper form, providing him with an additional twenty-one days to submit a set of proposed service documents. (Dkt. No. 7.) The undersigned emphasized that if Plaintiff did not comply with these instructions, his case would be dismissed for failure to prosecute and failure to comply with an order of this Court under Rule 41 of the Federal Rules of Civil Procedure. (*Id.* at 1–2.)

Despite this warning, Plaintiff still did not respond to the undersigned's instructions. On April 22, 2024, the Court dismissed the instant action, without prejudice, pursuant to Rule 41 of the Federal Rules of Civil Procedure. (Dkt. No. 9.) *See Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962). Then, on July 11, 2024, Plaintiff filed a Motion to Reopen the Case, stating that his facility had prevented him from timely complying with the Court's proper form orders. (Dkt. No. 13.) The Court granted Plaintiff's motion on July 23, 2024 (Dkt. No. 15), and afforded him an additional

twenty-one days to submit the outstanding service documents, which he did on August 9, 2024 (Dkt. No. 17). Notably, Plaintiff did not submit service documents for LCDC, indicating that he no longer intends to proceed with his claims against the detention facility. Nevertheless, for purposes of clarity, the undersigned enters this brief Report and Recommendation to formally document the dismissal of LCDC from the instant action.

## STANDARD OF REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit, and is also governed by 28 U.S.C. § 1915A, which requires the court to review a complaint filed by a prisoner that seeks redress from a governmental entity or officer or employee of a governmental entity.

To protect against possible abuses, the court must dismiss any prisoner complaints, or portions of complaints, that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also id.* § 1915A(b). A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* "at any time" under § 1915(e)(2)(B). *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989). The United States Supreme Court has explained that the statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits." *Id.* at 326.

As to failure to state a claim, a complaint filed in federal court must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" as required under Rule 8(a)(2) of the Federal Rules of Civil Procedure. To satisfy this standard, a plaintiff must do more than make conclusory statements. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that the court need not accept as true a complaint's legal conclusions). Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *See id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. When "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), the complaint fails to state a claim.

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is therefore charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure to allege facts that set forth a cognizable claim under Rule 8(a)(2). *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990); *see also Iqbal*, 556 U.S. at 684 (outlining pleading requirements under Rule 8, Fed. R. Civ. P., for "all civil actions"). The Fourth Circuit has explained that "though *pro se* litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1276 (4th Cir. 1985).

## DISCUSSION

A civil action under 42 U.S.C. § 1983 "creates a private right of action to vindicate violations of rights, privileges, or immunities secured by the Constitution and laws of the United States." *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012). Thus, to state a claim to relief under § 1983, the plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). A person acting under color of state law can be held liable under § 1983 only if he or she was personally involved in the deprivation of the plaintiff's constitutional rights. *Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017); *see also Iqbal*, 556 U.S. at 676 (explaining that "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

At issue here, Plaintiff named the Lexington County Detention Center as a defendant in this action. (Dkt. No. 1 at 2.) Court have routinely found that "inanimate objects such as buildings, facilities, and grounds" do not qualify as "persons" or act under color of state law for purposes of § 1983. *Sumpter v. Georgetown Cty. Det. Ctr.*, No. 0:20-cv-1770-JMC-PJG, 2020 WL 3060395, at *2 (D.S.C. June 8, 2020). Accordingly, LCDC is not a "person" amenable to suit under § 1983, regardless of whether Plaintiff refers to the "physical building" or the "staff and collection of officials it houses." *Studley v. Watford*, No. 3:16-cv-439-JMC-PJG, 2016 WL 2893157, at *3 (D.S.C. Apr. 15, 2016), *adopted*, 2016 WL 2853546 (D.S.C. May 16, 2016); *see also Barnes v. Bakersville Corr. Ctr. Med. Staff*, No. 3:07-cv-195, 2008 WL 2564779 (E.D. Va. June 25, 2008) (noting that the plaintiff must name specific staff members to state a claim against a "person" as

required under § 1983). Plaintiff's claims against LCDC are therefore subject to summary dismissal.

## **CONCLUSION**

For the reasons discussed above, the undersigned is of the opinion that Plaintiff cannot cure his claims against the Lexington County Detention Center and therefore **RECOMMENDS** that the Court summarily **DISMISS** the same without leave to amend. *See Britt v. DeJoy*, 45 F.4th 790, 798 (4th Cir. 2022).

**IT IS SO RECOMMENDED.**

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

August 13, 2024
Charleston, South Carolina

**The parties' attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).