IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dyshawn Hines,<br><br>            Plaintiff,<br>    v.<br><br>Lexington County Detention Center; Lt. Felder; and Officer Murphy,<br><br>            Defendants. | C/A: 2:23-cv-4828-RMG<br><br>**ORDER** |

Before the Court is the Report and Recommendation ("R&R") (Dkt. No. 20) of the Magistrate Judge recommending that the Court summarily dismiss Defendant Lexington County Detention Center as a party to this action without service of process and without leave to amend. Plaintiff was given notice of right to the file written objections to the R & R within fourteen days of service of the R & R and a failure to file objections would limit review by the District Court to clear error review and waiver of the right to appeal. (*Id*. at 7). Plaintiff filed no objections to the R & R.

**Legal Standards**

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with

this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). Because Plaintiffs did not file objections to the R&R, the R&R is reviewed for clear error.

## Discussion

After a review of the record and the R&R, the Court finds that the Magistrate Judge ably addressed the issues and correctly determined that Plaintiff's Lexington County Detention Center was subject to summary dismissal without further leave to amend because inanimate objects such as buildings or facilities are not "persons" under 42 U.S.C. § 1983. (Dkt. No. 20 at 5). Plaintiff filed no objections to the R & R.

## Conclusion

For the forgoing reasons, the Court **ADOPTS** the R&R (Dkt. No. 20) as the Order of the Court and **DISMISSES** Lexington County Detention Center as a party to this action. This ruling has no affect on the remaining named Defendants in this action.

**AND IT IS SO ORDERED.**

Richard Mark Gergel<br>
United States District Judge

September 3, 2024
Charleston, South Carolina