## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dyshawn Hines, | Case No. 2:23-cv-4828-RMG |
| Plaintiff, | |
| v. | |
| | **ORDER** |
| Lt. Felder and Officer Murphy, | |
| Defendants. | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge recommending that Plaintiff's motion for summary judgment be denied and Defendants' motion for summary judgment be granted. (Dkt. No. 64).  The parties were advised that they had 14 days to file any written objections to the R & R and a failure to file objections would result in clear error review and waiver of the right to appeal the district court's order. (*Id*. at 16).  No timely objections were filed.

### Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the Report for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but

instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

### Discussion

Plaintiff is presently detained at the Lexington County Detention Center (LCDC) following his arrest on charges of criminal conspiracy, attempted murder, and possession of a weapon during the commission of a violent crime. Plaintiff has long expressed dissatisfaction with his assignment on the third floor of the LCDC A-wing, which is an older part of the detention center. (Dkt. No. 64 at 4). He alleges that the area is over run with mold, fungus, and rust and holds the Defendants responsible for the placement of his cell. Plaintiff made a request that he be place in D pod but was advised by a detention center staff member that '[y]our charge constitutes you being classified on the 3rd floor. You have a keep away status with your co-defendant. Both of you could not be housed in B pod. You cannot be housed in D pod per classification." (*Id*.).

Plaintiff's action is a conditions of confinement case in which he alleges that the named officers are indifferent to injuries he is allegedly suffering by his confinement in A pod of the LCDC. As the Magistrate Judge noted, for prison conditions to rise to the level of a constitutional violation, there must be evidence of "serious medical and emotional deterioration attributable to the challenged condition." *Rhodes v. Chapman*, 452 U.S. 333, 347 (1981). After carefully evaluating the record in this matter, the Magistrate Judge found that there was "no actual medical evidence showing Plaintiff has suffered any kind of injury or risk of injury. Without such evidence, Plaintiff cannot create a genuine issue of material fact that his conditions of confinement actually resulted in any injury or risk of injury, and the claim fails as a matter of law." (Dkt. No. 64 at 12).

The Magistrate Judge made further findings that there "is no evidence that Defendants Lt. Felder and Officer Murphy were responsible for the alleged conditions of confinement," entitling

them on this basis alone to summary judgment. (*Id*. at 13). Additionally, the Magistrate Judge found that since there was no constitutional violation, Defendants were entitled to qualified immunity. (*Id*. at 14).

After a review of the record and relevant legal standards, the Court finds that the Magistrate Judge ably addressed the factual and legal issues in this matter and correctly concluded that Defendants are entitled to summary judgment as a matter of law and that Plaintiff's motion for summary judgment should be denied.

Consequently, the Court **ADOPTS** the R & R of the Magistrate Judge (Dkt. No. 64) as the order of the Court, **GRANTS** Defendants' motion for summary judgment (Dkt. No. 54), **DENIES** Plaintiff's motion for summary judgment (Dkt. No. 53), and **DISMISSES** this action.

**AND IT IS SO ORDERED.**

_s/ Richard M. Gergel_
Richard Mark Gergel
United States District Judge

April 28, 2025
Charleston, South Carolina